UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

Case No.

CHALICE R MCMILLIAN,

    **Plaintiff,**

v.

                              **JURY TRIAL DEMANDED**

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    **Defendant.**

_____/

## COMPLAINT

Plaintiff Chalice R McMillian ("Plaintiff") sues Defendant Portfolio Recovery Associates, LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1.    This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2.    This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Collin County, Florida.

3.    Venue of this action is proper in this Court because, the cause of action alleged below arose in Collin County, Florida.

## PARTIES

4.    Plaintiff is a natural person, and a citizen of the State of Texas, residing in Collin County, Texas.

5. Defendant is a Delaware limited liability company, with its principal place of business located in Norfolk, Virginia.

## DEMAND FOR JURY TRIAL

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7. On or about December 22, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

8. The Consumer Debt is an obligation allegedly had to pay money arising from a transaction between the creditor of the Consumer Debt and someone other than Plaintiff (the "Subject Service").

9. Upon information and belief, the Subject Service was primarily for personal, family, or household purposes.

10. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

11. Defendant is a business entity engaged in the business of collecting consumer debts.

12. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. As such, Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

**The Violative Conduct**

14.     On or about December 22, 2025, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "Collection Communication").

15.     A screenshot of the Collection Communication is attached hereto as "Exhibit A."

16.     Plaintiff does not owe the Consumer Debt.

17.     As such, by and through the Collection Communication, Defendant attempted to collect an alleged debt from Plaintiff that Plaintiff did not owe.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A) and § 1692e(10)**

18.     Plaintiff incorporates the above-referenced paragraphs of this Complaint as fully set forth herein.

19.     Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e. The sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban, including, but not limited to: "[t]he false representation of the character, amount, or legal status of any debt" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *See* 15 U.S.C. § 1692e(2)(A) and (10).

20.     As set forth above, the Collection Communication was an attempt to collect an alleged debt from Plaintiff that Plaintiff did not owe.

21.     By attempting to collect an alleged debt from Plaintiff that Plaintiff did not owe, Defendant made a "false representation of the character, amount, or legal status of" the Consumer Debt. 15 U.S.C. § 1692e(2)(A).

22.     By attempting to collect on an alleged debt that was not owed by Plaintiff, Defendant used a "false representation or deceptive means to collect or attempt to collect" the Consumer Debt.  15 U.S.C. § 1692e(10).

23.     Accordingly, Defendant violated 15 U.S.C. § 1692e, by and through the Collection Communication.

## PRAYER FOR RELIEF

24.     **WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory damages as provided by 15 U.S.C. §1692k;

(b)     An order declaring that Defendant's actions, as set out above, violate 15 U.S.C. § 1692e;

(c)     An injunction requiring Defendant to comply with 15 U.S.C. § 1692e;

(d)     Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

(e)     Any other relief that this Court deems appropriate under the circumstances.

DATED: April 19, 2026

/s/ Zane C. Hedaya                            .
**ZANE C. HEDAYA, ESQ.**
Texas Bar No.: 24134450
E-mail: zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

COUNSEL FOR PLAINTIFF